1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

JAMAL J. ELLIS,

9

Plaintiff,

10

v.

11

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

12

D HOLBROOK, B WARNER, S
SINCLAIR, PUBLICATION REVIEW

13

COMMITTEE,

14

Defendants.

CASE NO. 3:15-CV-05518-RBL-DWC

REPORT AND RECOMMENDATION

NOTING DATE: AUGUST 21, 2015

15

16      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17   States Magistrate Judge David W. Christel. The Court has reviewed Plaintiff's Complaint and

18   concludes Plaintiff's *in forma pauperis* (IFP) application should be denied based on the three-

19   strikes rule of 28 U.S.C. 1915(g), and Plaintiff should be directed to pay the $400.00 filing fee in

20   order to proceed with his Complaint.

21                                **BACKGROUND**

22      Plaintiff Jamal Ellis, who is currently incarcerated at the Washington State Penitentiary,

23   filed an application to proceed IFP in this civil rights action on July 21, 2015. Dkt.1. Plaintiff

24   alleges his rights are being violated because the Department of Corrections ("DOC") is

1  prohibiting Plaintiff from receiving "explicit nude material, topless catalogs, [and] photos[.]"

2  Dkt. 1-1, p. 3. Plaintiff contends he was recently able to receive topless material, but "out of

3  nowhere DOC made a blueprint den[y]ing topless material[.]" *Id*. The DOC allegedly failed to

4  provide any notice of the policy change. *Id*.

5  **DISCUSSION**

6       The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings.

7  Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP

8  status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th

9  Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts

10  with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to

11  discourage such suits." *Id*. (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001)

12  (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b)

13  states prisoners proceeding IFP must pay the filing fee when funds become available in their

14  prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who

15  have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the

16  three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three strikes rule," contained in

17  §1915(g), states:

18       [i]n no event shall a prisoner bring a civil action under this section
     if the prisoner has, on 3 or more prior occasions, while

19       incarcerated or detained in any facility, brought an action or appeal
     in a court of the United States that was dismissed on the grounds

20       that it is frivolous, malicious, or fails to state a claim upon which
     relief may be granted, unless the prisoner is under imminent

21       danger of serious physical injury.

22       The PLRA's strike provision does not distinguish between dismissals with prejudice,

23  dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to

24

REPORT AND RECOMMENDATION - 2

1  the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008).

2  When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the

3  case is dismissed, the dismissal counts as a strike. *Id* at 1155. "Dismissal of an action and the

4  subsequent dismissal of the appeal as frivolous amount to two separate strikes." *Richey v.*

5  *Fleenor*, 2014 WL 5111588 (W.D. Wash Oct. 10, 2014); *see e.g. Jennings v. Natrona County*

6  *Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d

7  383, 388 (5th Cir. 1996). A dismissal must be final before it counts as a strike. *Silva v.*

8  *DiVittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

9  **A. Strikes Under 28 U.S.C. 1915(g)**

10  A review of court records from this District and the Eastern District of Washington[1]

11  shows at least three of the cases Plaintiff filed while incarcerated were dismissed as frivolous or

12  for failure to state a claim.

13  In *Ellis v. Pease, et al.*, (Eastern District of Washington Case No. CV-11-5126-EFS),

14  Plaintiff's case was dismissed with prejudice for failure to state a claim upon which relief could

15  be granted. The court instructed Plaintiff to be aware the case may count as one of his "strikes."

16  The order dismissing the case was entered on November 29, 2011, and Plaintiff did not file a

17  notice of appeal; thus, his case became final on December 29, 2011.[2]  As this case was dismissed

18  for failure to state a claim, *Ellis v. Pease, et al.* is Plaintiff's first strike.

19  Plaintiff filed *Ellis v. Washington State Department of Corrections, et al.*, (Western

20  District of Washington Case No. 3:14-CV-5836-RBL) on October 21, 2014. During the

---

22  [1] This court may take notice of judicial proceedings in another court.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

23  [2] "If a prisoner does not appeal a dismissal, the dismissal counts as a "strike" from the date when his time to file a direct appeal expired." *Silva*, 658 F.3d at 1100, n. 6; *see also* Fed. R.

24  App. P. 4(a)(1) (time period to file notice of appeal is 30 days).

1   screening process, the case was dismissed without prejudice for failure to state a claim. Plaintiff

2   appealed the dismissal, and the Ninth Circuit Court of Appeals found the appeal frivolous,

3   denied his motion to proceed IFP, and instructed Plaintiff to show cause why the court should

4   not summarily affirm the district court's judgment after the filing fee was paid. Plaintiff did not

5   pay the filing fee and the case was dismissed for failure to prosecute. On April 21, 2015, the

6   court issued its mandate, closing the case. This case became final on July 20, 2015, the date the

7   time period for filing a petition for certiorari expired. *See Silva*, 658 F.3d at 1100; Sup. Crt. R.

8   13(3).

9        The dismissal by the district court in *Ellis v. Washington State Department of Corrections*

10  constitutes Plaintiff's second strike. *See O'Neal*, 531 F.3d at 1155 (finding cases dismissed

11  during the initial screening, prior to IFP being granted, are strikes under §1915(g)). Further, as

12  Plaintiff's appeal was deemed frivolous, it constitutes Plaintiff's third strike. *See Thomas v.*

13  *Beutler*, 2012 WL 5464631, *2 (E.D. Cal. Nov. 7, 2012) (counting a dismissal for failure to pay

14  a filing fee a strike when the court of appeals denied the plaintiff's motion to proceed IFP

15  because the appeal was frivolous and ordered the plaintiff to show cause why the court should

16  not summarily affirm the district court's judgment upon payment of the filing fee).

17       Plaintiff filed *Ellis v. Obenland, et al.*, (Western District Case No. 3:14-CV-6010-BHS),

18  on December 23, 2014. On February 6, 2015, the court dismissed the action for failure to state a

19  claim, stating the dismissal counted as a strike pursuant to § 1915(g). Plaintiff did not appeal this

20  dismissal and his case became final on April 20, 2015. Therefore, Plaintiff incurred his fourth

21  strike in *Ellis v. Obenland, et al*.

22       While incarcerated Plaintiff brought at least four actions or appeals which were frivolous,

23  malicious, or failed to state a claim; therefore, he is barred from proceeding IFP in this action

24

1    unless he can show he is exempt from the three strikes provision because he is under imminent

2    danger.

3    **B. Imminent Danger Exception**

4           The three-strikes provision does not apply if "the prisoner is under imminent danger of

5    serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger

6    exception based on the alleged conditions at the time the complaint was filed. *Cervantes*, 493

7    F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready

8    to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit has

9    held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the

10   imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)).

11   Additionally, the plaintiff must make specific or credible allegations showing the threat to him is

12   real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th

13   Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

14          Plaintiff alleges his rights are being violated because he is no longer able to receive

15   sexually explicit material. *See* Dkt. 1-1. Plaintiff does not allege danger of any physical injury,

16   much less an imminent serious physical danger which is "ready to take place" or "hanging

17   threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the imminent danger

18   exception does not apply in this case, and Plaintiff is subject to the three-strikes rule.

19                                          **CONCLUSION**

20          The Court recommends Plaintiff's Motion to Proceed IFP be denied as Plaintiff has

21   incurred at least three strikes under 42 U.S.C. § 1915(g). The Court further recommends Plaintiff

22   be ordered to pay the $400.00 filing fee within thirty days of the District Court's order and, if the

23   fee is not paid, dismiss this case without prejudice.

24

1          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

5  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August

6  21, 2015, as noted in the caption.

7          DATED this 3rd day of August, 2015.

8

9

David W. Christel
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24